| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL V | | |
| BRYAN ESCARTÍN ACOSTA<br><br>Recurrente<br><br>Vs.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2026RA00175 | *REVISIÓN ADMINISTRATIVA* procedente de Departamento de Corrección y Rehabilitación<br><br>Caso Núm. CDB-91-26 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de mayo de 2026.

La parte recurrente, el señor Bryan Escartín Acosta, comparece por derecho propio y como indigente, solicita la revisión judicial de la *Respuesta* notificada el 17 de febrero de 2026 por la parte recurrida, la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación. En torno a la solicitud del recurrente, la parte recurrida respondió que, debía presentar su solicitud de forma clara, y le orientó sobre la información requerida para poder tramitar su petición.

Por los fundamentos expuestos en esta sentencia, *desestimamos* el presente recurso por falta de jurisdicción por prematuro.

*-I-*

El 11 de febrero de 2026 la parte recurrente presentó una *Solicitud de Remedio Administrativo* ante la parte recurrida. Del escrito podemos inferir el motivo de petición, a saber, la bonificación de horas de trabajo del recurrente a su sentencia. En igual fecha la parte recurrida emitió la respuesta concernida, fue

TA2026RA00175

recibida por la parte recurrente el 17 de febrero de 2026. En relación con la petición del recurrente, la funcionaria suscribiente dispuso:

> Será responsabilidad del miembro de la población correccional presentar las solicitudes de remedios en forma clara, concisa y honesta, estableciendo las fechas y nombres de las personas involucradas en el incidente. Igualmente, ofrecerá toda la información necesaria para dilucidar su reclamo efectivamente.

La evaluadora procedió a listar la data necesaria para evaluar la solicitud de bonificación presentada por la parte recurrente. El 27 de febrero de 2026 la parte recurrente presentó una solicitud de reconsideración a la respuesta recibida. La parte recurrida acogió la reconsideración para emitir una resolución en reconsideración el 13 de marzo de 2026. Empero, el 9 de abril de 2026 la parte recurrente presentó el recurso de epígrafe, antes de la disposición final de la moción de reconsideración acogida por la parte recurrida. El procurador general compareció ante este foro y solicitó la desestimación del presente recurso por falta de jurisdicción por prematuro. Finalmente, el 21 de abril de 2026 la parte recurrida notificó al recurrente la resolución en respuesta a la reconsideración solicitada. La parte recurrida confirmó la anterior respuesta, y sobre la solicitud original del recurrente añadió:

> [C]orroboramos el expediente criminal y la Hoja de Control Sobre Liquidación De Sentencia se refleja las bonificaciones aplicadas desde el 22 de noviembre de 2024 al 22 de septiembre de 2025 un total de treinta y cinco (35) días. Además, se dialogó con el Sr. Edgar Cortes, Técnico Socio penal, Centro Detención Bayamón 1072 para verificar cuando se aplicara la bonificación adicional del 22 de septiembre de 2025 al 22 de marzo de 2026 en año subsiguiente; indicó que y está en la agenda de abril 2026 para ser presentado ante el Comité de Clasificación y Tratamiento.

Procedemos a disponer del presente recurso con el beneficio de la comparecencia de las partes, el contenido del expediente administrativo, y el Derecho aplicable.

*-II-*

*-A-*

La jurisdicción "es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias que tiene ante sí". *JJJ Adventure, LLC v. Consejo de Titulares del Condominio Adalagi Aseguradora X*, 2025 TSPR 123, 216 DPR __, (2025); *Greene v. Biase*, 2025 TSPR 83, 215 DPR ___ (2025); Vázquez et al. v. DACo, 2025 TSPR 56, 215 DPR ___ (2025); *R&B Power Inc., v. Junta de Subasta*, 213 DPR 685, 698 (2024); *FCPR V. ELA et al.*, 211 DPR 521, 529 (2023); *Metro Senior v. AFV*, 209 DPR 203, 208-209 (2022); *Beltrán Cintrón v. ELA*, 204 DPR 89, 101 (2020). Los asuntos jurisdiccionales son privilegiados y deben ser atendidos de forma preferente. *Municipio de Río Grande v. Adquisición de Finca 27.661 de la Urbanización Industrial Las Flores, del Término Municipal de Río Grande*, 2025 TSPR 36, 215 DPR __, (2025); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020); *Pérez Soto v. Cantera Pérez, Inc., et al.*, 188 DPR 98, 105 (2013); *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 994 (2012). Por ello, los tribunales debemos ser fieles guardianes de nuestra jurisdicción, y carecemos de discreción para asumirla donde no existe. *Íd.* La falta de jurisdicción:

> (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio.*

TA2026RA00175

*Fuentes Bonilla v. ELA*, 200 DPR 364, 372-373 (2018).

Confrontados con la falta de jurisdicción sobre un recurso, así el debemos declararlo y desestimar del recurso apelativo sin entrar en sus méritos. *Ruíz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 269 (2018). La Regla 83 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 109-110, 215 DPR __ (2025), permite desestimar un recurso de apelación o denegar un auto discrecional, a iniciativa propia o a petición de parte, por falta de jurisdicción.

### *-B-*

La Ley Núm. 38-2017, según enmendada, conocida como la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU) permite la revisión judicial de las decisiones administrativas ante el Tribunal de Apelaciones. 3 LPRA sec. 9671. La revisión judicial es sobre decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. 3 LPRA sec. 9676. La Sección 4.2 de la LPAU, 3 LPRA sec. 9672, dispone los términos para instar un recurso de revisión judicial ante el Tribunal de Apelaciones:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.

La oportuna presentación de una moción de reconsideración ante la agencia tiene el efecto de interrumpir el término para

solicitar la revisión judicial. *Pérez v. VPH Motor Corp.,* 152 DPR 475, 484 (2000).

***-III-***

El 27 de febrero de 2026 el recurrente presentó una *Solicitud de Reconsideración* de la *Respuesta* notificada el 17 de febrero de 2026. La parte recurrida acogió la reconsideración dentro del término de 15 días dispuesto en la LPAU, a saber, el 13 de marzo de 2026. Empero, el 9 de abril de 2026, todavía pendiente la reconsideración ante el foro administrativo, recibimos el recurso de revisión judicial de título. La parte recurrente acudió prematuramente, antes de la disposición final de la reconsideración, ante esta Curia pendiente la disposición final de la solicitud de reconsideración. En consecuencia, la presentación de su recurso apelativo carece de eficacia y no produjo ningún efecto jurídico, pues en el momento de su presentación no teníamos autoridad judicial para acogerlo; menos para conservarlo con el propósito de luego reactivarlo en virtud de la notificación de la resolución en reconsideración. *Juliá et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 366-367 (2001). Este tribunal no puede conservar o retener un recurso que es prematuro, con el propósito de luego activarlo cuando esté maduro. *Rodríguez v. Zegarra,* 150 DPR 649, 654 (2000). Un recurso prematuro adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado. *Padilla Falú v. A.V.P.,* 155 DPR 183, 192 (2001). Una vez un tribunal entiende que no tiene jurisdicción solo tiene autoridad para así declararlo y; por consiguiente, desestimar el recurso. *García v. Hormigonera Mayagüezana,* 172 DPR 1, 7 (2007); *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003).

TA2026RA00175

## -*IV*-

Por los fundamentos antes expuestos, los cuales hacemos formar parte de este dictamen, *desestimamos* el presente recurso por falta de jurisdicción por prematuro.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones